IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DARLENE PENA, on behalf of her son,
DYLAN PENA,

           Plaintiffs,

v.                                                            No. CIV 04-1352 LFG/RLP

BELEN CONSOLIDATED SCHOOLS and
BOARD OF EDUCATION OF BELEN
CONSOLIDATED SCHOOLS,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

**Introduction**

THIS MATTER is before the Court on Plaintiff Darlene Peña's ("Plaintiff" or "Peña") Application for Attorney's Fees, filed February 17, 2006 [Doc. No. 49]. The application is fully briefed and ready for resolution. [Doc. Nos. 53, 54.] This application seeks attorney's fees for Peña's separate fee counsel ("Attorney Simmons" or "fee counsel") who litigated the IDEA fee petition[1] in federal court. [Doc. No. 28.] Regarding the earlier decided IDEA fee petition, the Court

---

[1] IDEA is the Individuals with Disabilities Education Act. The IDEA provides the federal district court with jurisdiction of actions concerning disputes over attorney's fees that are incurred in relation to administrative proceedings brought under that Act. 20 U.S.C. § 1415. In her federal court complaint and related motion for summary judgment, Peña asserted that she was the prevailing party in the underlying administrative proceeding and was, therefore, entitled to a fee award of $92,204.43. Defendants opposed Peña's fee request and filed a cross-motion for summary judgment. The Court granted the cross-motions in part with the result that Peña's attorneys were awarded a significant portion of their requested attorney's fees and costs. However, that request and award did not include fees incurred by Attorney Simmons, Plaintiff's fee application counsel. In other words, the prior award of fees related only to fees and costs incurred by Attorneys Ford and Poulin for their representation of Peña in the underlying IDEA action. *See* Court's Memorandum Opinion and Order, entered January 9, 2006 for a detailed explanation of the procedural history of this case. [Doc. No. 38.]

1

awarded fees and costs in the amount of $82,286.50[2] [Doc. Nos. 38, 46] to Peña's attorneys ("Attorneys Ford and Poulin" or "IDEA counsel") who represented her in the underlying administrative proceeding. Fee counsel now seeks a separate fee and cost award of $16,910.83 (including fees related to the reply brief) for her services related to the IDEA fee application and this fee application. [Doc. No. 49, p. 13.]

## Jurisdiction

The Court first observes that on February 10, 2006, Defendants appealed the Court's prior decision awarding fees to Plaintiff. [Doc. No. 50.] Notwithstanding the appeal, the Court retains jurisdiction over collateral matters not involved in the appeal, including this separate application for attorney's fees submitted by fee counsel. *See* W.N.J, et al. v. Yocom, 257 F.3d 1171, 1173 (10th Cir. 2001) (after an appeal, the district court may still retain jurisdiction over the case to deal with collateral matters such as attorney's fees); Lancaster v. Independent Sch. Dist. No. 5, 149 F.3d 1228, 1237 (10th Cir. 1998). Moreover, Defendants do not contest the Court's jurisdiction to resolve this matter. [Doc. No. 53, p. 1.]

## Attorney Simmons' Fee Application and the Parties' Briefing

Fee counsel asserts that in addition to granting an award of reasonable attorney's fees to IDEA counsel, the Court may compensate work performed by fee counsel in preparing and presenting the fee application. *See* Case v. Unified School Dist. No. 233, 157 F.3d 1243, 1254 (10th Cir. 1998) (award of reasonable attorneys' fees in § 1988 litigation may also include award of fees for fee

---

[2]Plaintiff informed the Court by way of her present reply brief that the Court erroneously awarded gross receipts tax to Attorney Ford who is employed by a non-profit exempt corporation. Thus, Plaintiff states that she has offered to submit a stipulated judgment to correct this clerical error and that, if corrected, the amended attorney fee award would be $79,945.43. [Doc. No. 54, fn. 2.]

counsel). Defendants do not challenge the Court's general authority to award fees to fee counsel in this type of litigation. [Doc. No. 53, p. 1.] The Court agrees that fee counsel may be entitled to an award of reasonable attorney fees in preparing and presenting both fee applications.

The parties' briefing of the present fee application contains much needless or repetitive discussion. For example, either or both parties engage in discussing old history already provided to the Court in the earlier briefing on the IDEA fee application, i.e., the parties' underlying positions and arguments in the administrative proceeding, quotations from the previously filed motion for summary judgment, which party first raised certain arguments, whether, why or to what extent Plaintiff was a prevailing party, which party was more entrenched in a position and why that unnecessarily protracted the litigation, who was being more "polemical" or who used the word "whopping" more in their pleadings, which party made a "federal case" out of what should have been resolved without resorting to federal court litigation, which party legitimately attempted to settle the case and attorney fee disputes, and why parties should not be penalized through an award of fees for having vigorously argued the merits of their position.

There is also briefing on the question of whether IDEA fee applications, arising out of non-federal administrative proceedings, are more complex than § 1983 fee applications that arise out of federal court litigation. The Court finds none of these arguments or issues necessary to the resolution of fee counsel's application.

Fee counsel's opening application for fees sought an award of $16,622.60. She now requests a total award of $16,910.83 (including gross receipts tax and the cost of the reply brief)[3], plus post

---

[3]The Court notes that in Plaintiffs' reply brief [Doc. 54, p. 9], she seeks an additional 1.2 hours for preparing the reply, but then states that she is asking for 1.9 hours. The total figure she reaches in relation to fees for the reply appears to be based on 1.2 hours of work. The Court assumes that 1.9 hours was a typographical

3

judgment interest on any award. [Doc. No. 54, p. 9.] In response to the initial fee request of $16,622.60, Defendants argued that it should be reduced to $13,505.00 for a number of reasons. *See* discussion *infra.* In her reply, fee counsel asserted that all of the requested fees are reasonable and should be awarded.

### **Legal Standard**

Peña argues that any type of "mechanical *pro rata* reduction [of a fee request] for lack of success has been all but flatly rejected by the Tenth Circuit." Plaintiff relies on Tenth Circuit precedent for that position, Sinajini v. Board of Education of the San Juan Sch. Dist., 233 F.3d 1236 (10th Cir. 2000), *cert. denied,* 533 U.S. 916 (2001). The Court disagrees that Sinajini stands for that proposition or that the 2000 Sinajini decision directly addressed the present situation involving fee counsel's separate application for an award of fees. In Sinajini, the Tenth Circuit reversed the district court's reduction of a fee request, in part, because the trial court did not calculate a lodestar and did not determine what hours were reasonably expended in accordance with Tenth Circuit law. Instead, the trial court determined that the appellants prevailed on one out of 21 claims and thus, awarded them one twenty-first of the total hours worked, plus any hours spent on the one claim. On remand, the trial court was directed to recalculate the attorney fees award because of its earlier failure to determine what hours were reasonably expended. Id. at 1242.

After remand, the Sinajini case again was appealed to the Tenth Circuit. In an unpublished opinion, the Tenth Circuit concluded that the district court did not abuse its discretion in reducing by one-third the requested attorney fees with respect to hours spent ***by attorneys working on their***

---

error.

*fee applications*.⁴  Sinajini v. Board of Education of the San Juan County Sch. Dist., 53 Fed. Appx. 31, 38-39 (10th Cir. Dec. 13, 2002).  In the later Sinajini decision, the Tenth Circuit recognized that in some cases, it had not permitted fees for hours that attorneys spent on their attorney fee petitions. "Our circuit's approach to such awards has varied from clear hostility to a presumption that they are generally available."  Id. at 38.  However, in Sinajini, the Court determined that the district court properly applied a percentile reduction to counsel's request for fees related to work on collecting fees.  "After examining numerous cases, we have found that there is, and should be, no hard-and-fast rule on this question.  Rather, 'the issue must be resolved on a case-by-case basis.'"  Id. (internal citation omitted).

In so concluding, the Tenth Circuit provided the following summary of this circuit's case law on the question of whether counsel should be granted an award of fees for work on fee petitions.

> FN4. *Compare, e.g.,* Mares [v. Credit Bureau of Raton], 801 F.2d [1197] at 1206 [10th Cir. 1986] ("[T[he general rule is that at least some compensation is generally allowable for work reasonably expended on the fee application . . . although hours not spent representing the client are at best on the borderline of what Congress intended to be compensable. . . .[Hours spent litigating fee awards] are especially suspect, and may be disallowed in their entirety . . . . [O]nly in extraordinary circumstances will we disturb a district judge's exercise of his discretion in awarding or denying fees for establishing fees.") (citations and internal quotations omitted), *with*  Glass v. Pfeffer, 849 F.2d 1261, 1266 n. 3 (10th Cir. 1988) ("It is obviously fair to grant a fee for time spent litigating the fee issue, at least if the fee petitioner is successful and his claim as to the reasonable fee is vindicated, since it is the adversary who made the additional work necessary." (citation and internal quotations omitted), *and* Hernandez v. George, 793 F.2d 264, 269 (10th Cir. 1986) ("[T]his court generally allows recovery of fees for attorneys' work in seeking

---

⁴With respect to the prevailing party's fee petition, the Tenth Circuit similarly concluded that the trial court's one-third reduction to the lodestar amount based on the attorney's excessive billing and failure to exercise billing judgment was not an abuse of discretion.  Sinajini, 53 Fed. Appx. at 34-36.

> attorneys' fees . . . .Compensating attorneys for work in resolving the fee issue furthers the purpose behind the fee authorization in § 1988 which is to encourage attorneys to represent indigent clients and to act as private attorneys general in vindicating federal civil rights policies.") (citations omitted).

Sinajini, 53 Fed. Appx. at 39 n.4. The Tenth Circuit further explained that it is "within the district court's broad discretion, given its first-hand experience of the litigation as a whole, to make a holistic determination, rather than a meticulous accounting, in deciding the appropriate fee." Id. at 39 (internal citation omitted). "The calculation of what fraction of the claimed fee constitutes a reasonable fee in the circumstances is not a statistical process, as the round one-third figure already indicates." Id. The Tenth Circuit concluded that the trial court could apply an across-the-board reduction by noting the party's overall success and a general lack of billing judgment. Id.

This Court declines to deny fee counsel's request in its entirety, nor does defense counsel seek that result. The fee request will be granted, partly because compensating fee counsel for work on the IDEA fee application is consistent with the purposes of the legislation and serves to encourage attorneys to take on important work such as this. The Court proceeds to determine what fee award is appropriate, in accordance with United States Supreme Court and Tenth Circuit law. *See e.g.,* Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) and Case, 157 F.3d at 1249 (discussing prevailing party status and lodestar approach to determining reasonable attorney's fees).

The prevailing party's counsel may be entitled to an award of reasonable attorney's fees for time spent preparing a fee application. Mares v. Credit Bureau of Raton, 801 F.2d 1197, 1205 (10th Cir. 1986). Indeed, "the general rule is that at least some compensation is generally allowable for work reasonably expended on the fee application. . . ." Id. at 1206. However, "not every hour expended on a fee request is necessarily reasonable or compensable." Id. at 1205. The same

standards used in evaluating time expended in trial and trial preparation (with respect to an underlying fee petition) apply to time spent working on fee petitions, "to the extent appropriate in a given case." Id.

It is clear that Plaintiff was a prevailing party with respect to her previous fee application having been awarded approximately $80,000.00, about $12,000.00 less than her fee request. "To determine a reasonable attorneys fee, the district court must arrive at a 'lodestar' figure by multiplying the hours plaintiffs' counsel reasonably spent on the litigation by a reasonable hourly rate." Jane L. v. Bangerter, 61 F.3d 1505, 1509, 1510 (10th Cir. 1995). Plaintiff has the burden to "prove and establish [the] reasonableness of each dollar, each hour, above zero." Id.

The Court may accept the lodestar proposed by a plaintiff as the reasonable amount to award or it may adjust the lodestar upward or downward, depending on the circumstances of the case. *See* Ramos v. Lamm, 713 F.2d 546, 552-55 (10th Cir. 1983), *criticized on other grounds* by Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711 (1987). In reducing the lodestar, the Court may elect to discount requested fees by specific billing entry/hour or by making a general reduction of hours "to achieve what the court determines to be a reasonable number." Case, 157 F.3d at 1250 (internal citation omitted); Hensley. 461 U.S. at 436-37 ("no precise rule or formula" required for determining attorney fee awarded to prevailing party).

**Hours Expended**

Fee counsel submitted an affidavit and billing records stating that she billed 64.5 hours on the fee application and reply brief at an hourly rate of $225, her paralegal spent 6.4 hours at $90.00 an hour, counsel incurred litigation costs or expenses of $776.20 and she is entitled to gross receipts tax

in the amount of .0675%. According to her reply brief, the total fees and costs she seeks, including work on the reply, are $16,910.83.

In determining the reasonableness of hours spent by fee counsel, the Court must look at the overall litigation. *See* Mares, 801 F.2d at 1210 ("an hour viewed in isolation may appear to be reasonable, but be unreasonable in the context of the litigation as a whole"). This fee application is somewhat unusual in that it was not submitted as part of other federal litigation that had resolved. Instead, the federal complaint in this case contains only a fee application. [Doc. No. 1.] Thus, the federal complaint, even though consisting of nothing more than the IDEA fee application, prompted the usual court deadlines and activities, including a "meet and confer" between counsel, preparation of an Initial Pretrial Report [Doc. No. 10], Initial Disclosures, and a Provisional Discovery Plan [Doc. No. 7], attendance by counsel at a Rule 16 scheduling conference [Doc. No. 6, 8], and attendance by counsel at a settlement conference. In addition, the complaint requesting attorney fees was set for a bench trial in February 2006, which generated other deadlines for the pretrial order[5] and motions. [Doc. No. 10, 25.] The notice of trial setting prompted a deadline of January 9, 2006 for the parties' proposed findings of fact and conclusions of law, witness lists, exhibit lists and deposition designations. [Doc. No. 25.] The parties did not take depositions nor engage in written discovery. They did, however, file lengthy cross-motions for summary judgment with extensive exhibits.

---

[5]Although there are pleadings indicating that the Pretrial Order was due to the Court in late November 2005, the docket does not indicate it was ever filed. It is uncertain whether the parties prepared and submitted a Pretrial Order. The Court does not see any billing entries by Attorney Simmons for work on the Pretrial Order. The fact that the Pretrial Order apparently was not prepared and submitted is consistent with this Court's recollection during a telephonic status conference with both counsel, that counsel agreed that there was no need for a bench trial in this matter and that the case could be resolved on the pleadings. This is also consistent with a number of Plaintiff's motions for extension of time in which she averred that both counsel believed that the cross-motions would narrow the issues "or resolve the matter entirely." [Doc. Nos. 16, 20, 27.]

On January 9, 2006, this Court issued its Memorandum Opinion and Order resolving the Complaint.  However, because January 9, 2006 was the deadline for the parties' trial submissions, including witness and exhibits lists, proposed findings of fact and conclusions of law, Plaintiff had prepared those pleadings and timely submitted them on January 9, 2006.  [Doc. Nos.  40, 41, 42.]

Defendants object to fee counsel's fee request on a number of grounds.  First, they argue the request should be reduced 13% to reflect that the Court disallowed Plaintiff's total requested award of IDEA attorney fees by 13% (from $92,204.00 to approximately $80,000.00).  Second, Defendants identify a number of billing entries they contend have no relationship to the award the Court previously granted.  Defendants also argue that all of the billing entries for work on pleadings filed January 9, 2006 (proposed findings of fact, etc., witness lists) should be disallowed.  Finally, Defendants ask that some of Plaintiff's Westlaw research time and copying charges should refused.

The party moving for fees bears the burden of documenting the appropriate hours expended.  Case, 157 F.3d at 1249.  The Court will reduce the hours claimed if the attorneys' records are not sufficiently meticulous, fail to precisely document the time necessary to complete specific tasks, utilize improper "block billing," or fail to demonstrate that the attorneys exercised "billing judgment." Id. at 1250.  *See also* Robinson v. City of Edmond, 160 F.3d 1275, 1285 n. 9 (10th Cir. 1998) (defining "block billing").

After reviewing fee counsel's billing records, the Court finds problems with the Plaintiff's submissions that Defendants did not identify.  The fact that Defendants did not object to each billing entry the Court deems insufficient or improper is not determinative.  "The trial judge is not obligated to accept the fee applicant's billing judgment uncritically."  Praseuth v. Rubbermaid, Inc., 406 F.3d 1245, 1257 (10th Cir. 2005).  The Court has an independent obligation to determine whether hours

9

billed are reasonable and whether counsel exercised appropriate billing judgment. *See* Hensley, 461 U.S. at 433, 434 (court has a duty to independently review request for fees and expenses); Olenhouse v. Commodity Credit Corp., 922 F. Supp. 489, 494 (D. Kan. 1996) (EAJA fee case, observing that a court must still review fees even if there is lack of opposition); Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1202 (10th Cir. 1998) (court is obligated to exclude hours "not reasonably expended" from the attorney fee calculation); Case, 157 F.3d at 1250 (billing judgment consists of winnowing hours actually expended down to hours reasonably expended).

Here, on February 16, 2005, fee counsel billed .8 for "travel and scheduling conference." The entry is an example of "block billing" that does not allow the Court to determine how much time was devoted to the conference or to travel. In addition, travel expenses, at a minimum should not be billed at an attorney's hourly rate. *See also* 4/5/05 entry (.4 for "travel," presumably to the settlement conference). While hourly rates are appropriately charged for professional services, travel simply does not fall in that category  Thus, fee counsel billed perhaps an hour of travel time at her customary hourly rate of $225.00. Billing travel time at $225 an hour is unreasonable.

The November 3, 2005 billing entry is another example of block billing that does not permit the Court to determine the reasonableness of work done. Fee counsel's entry states: "Review Poulin affidavit and make notes; review file" (2.1 hours). No detail is provided concerning the affidavit and why it was reasonably necessary to study it for more than two hours. In addition, the Court cannot ascertain the amount of time spent reviewing the file or why the review was done. *See also* 11/4/05 entry: "Draft statement of facts; determine exhibits" (4 hours). Again, the court is unable to assess the reasonableness of the time spent drafting the statement of facts or determining exhibits since the entry lumps billing tasks together.

Fee counsel's billing entries also suffer from vagueness and imprecision. For example, it is not clear to the Court why it took fee counsel 2 hours to "calculate settlement range" (3/9/05) since the computation of attorney fee hours spent on the IDEA proceeding presumably would have been a simple calculation, presumably even computer-generated. The amount of time spent on this task appears excessive. Similarly, the 1 hour entry of "file review; memo to Poulin and Ford" does not indicate the significance of what was done, why the file was reviewed, or what the memo concerned. "File review" billing entries often raise a reviewing judge's concern as there is no explanation that accompanies the entry. Those are also the kind of billing entries that typically raise questions by paying clients.

There are other billing entries that do not identify the topic of the work done or the reasonableness or necessity of the billing, e.g., "E-mail to Ford and Poulin" (.2 hours, 3/9/05); "note to Kay Bratton; review invoice; review notes from Poulin and Ford" (.2 hours, 4/4/06); "E-mail Ford and Poulin" (.2 hours, 8/12/05); "calls to counsel" (.2 hours, 9/28/05, paralegal entry); "Letter to Kay Bratton" (.1 hour, 11/5/05); "Research" (2.6 hours, 11/8/05); "E-mail from D. Poulin re state complaint" (.1 hour, 12/7/05). Without more detail, the Court cannot tell what was done or why the time spent is compensable, and of course, counsel has the obligation to justify each hour billed. *See* Jane L., 61 F.3d at 1509, 1510.

So, too, counsel's billing entries for "research" are imprecise, e.g., "research for reply to response" (.7 hour, 12/13/05), "research for reply" (.7 hour, 12/13/05)[6]. Fee counsel's billing entries describing "research" often do not identify the topic of counsel's research. In addition, fee counsel

---

[6]These two entries, dated 12/13/05, both for .7 of an hour, may be duplicate entries.

11

includes the billing entry– "coordinate expert report" (.2 hour, 4/18/05). It does not appear that expert reports were required, coordinated, or served in this case.

The Court must also consider this fee request in terms of the overall picture. Fee counsel was retained to seek attorney's fees for the IDEA counsel, and fee counsel was quite successful in that endeavor by obtaining a judgment in the amount of approximately $80,000. In order to obtain that judgment, a complaint in federal court was filed, requiring some pleading practice and attendance at routine court proceedings. However, because only the fee request was at issue, those proceedings and related motion practice were routine and straight forward in comparison with traditional civil rights litigation. For example, it does not appear from the pleadings or billing records that any of the court conferences were lengthy proceedings. The pleadings in this case, other than the summary judgment briefing, were short and uncomplicated and often available as forms on the court's web site.

The Court concludes that the hours spent in researching and preparing the summary judgment pleadings and attachments were clearly reasonable, and therefore, are compensable. However, the Court determines that a significant number of fee counsel's hours were not reasonable, both in terms of the importance of those hours in the context of the overall litigation and because fee counsel failed to "prove and establish [the] reasonableness of each dollar, each hour, above zero" in view of the many imprecise and vague billing records. *See* discussion *supra*.

In addition, the Court finds some of the hours lacking in reasonableness based on fee counsel's failure to utilize billing judgment. Unlike the IDEA counsel, it is not clear from fee counsel's billing records that she reduced her requested fees or "winnowed down" any of her hours. Law offices cannot and usually do not bill for every hour of time worked. For example, IDEA counsel, in utilizing billing judgment, apparently eliminated many of the billing entries for travel time.

While fee counsel states that she used a paralegal whenever possible, the paralegal billed only 6.4 hours.  Moreover, there are several billing entries (calculated at the $225/hour rate) that a paralegal or administrative support staff could have performed at substantially lower rates, e.g., "Open records act letters and note to Ford and Poulin" (to the extent these vague billing entries are understood) (.2 hour, 7/12/05), "coordinate meeting with attorneys (.2 hour, 8/15/05)," and "motion and order for extension of time on fees; coordinate with opposing counsel" (.7 hour, 2/3/06).  These tasks are appropriately performed by support staff and should either be absorbed into office overhead or billed at lower rates.

The Court declines Defendants' request to assess a percentile reduction for Peña's partial success on the IDEA fee application.  However, the Court concludes, after examining all of fee counsel's billing records in the context of this litigation as a whole, that 40 hours[7] of the 64.5 hours of attorney work billed on the fee applications (including the reply), are a reasonable number of hours for the tasks performed and were reasonably incurred.  *See* Case, 157 F.3d at 1250 (court may elect to discount requested fees by specific billing entries or hours or by making a general reduction of hours "to achieve what the court determines to be a reasonable number").  In addition, the Court finds that the paralegal's 6.4 hours are reasonable.

---

[7]The Court did not calculate the 40 hours with mathematical precision nor need it do so.  The Court reached the figure of 40 hours by adding up all of the hours that appeared to relate specifically to research and preparation of the summary judgment pleadings (to the extent that the Court could make that determination based on some of the vague entries), research on settlement issues, preparation of this fee application, and preparation of other court pleadings, *e.g.,* proposed findings of fact, witness lists.  However, the Court did not allow all of hours requested for preparation of trial pleadings.

### Hourly Rate

*A.    Fee Counsel's Hourly Rate*

In setting a reasonable hourly rate, the court looks to "what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." Case, 157 F.3d at 1256; *see also* Blum v. Stenson, 465 U.S. 886, 896 n. 11 (1984) (reasonable hourly rate comports with rates "prevailing in the community for similar services for lawyers of reasonably competent skill, experience, and reputation"). The party requesting the fees bears the burden of showing that the requested rates are consistent with those prevailing in the community. United Phosphorus, Ltd. v. Midland Fumigant, Inc., 205 F.3d 1219, 1234 (10th Cir. 2000). In other words, the fee applicant must show by "satisfactory evidence--in addition to the attorney's own affidavits" – that the requested hourly rates are the prevailing market rates. Blum, 465 U.S. at 896 n. 11.

Here, fee counsel seeks $225 per hour for her work. Attorney Simmons provided a resume of her legal work history and an affidavit with her fee application stating that she has been licensed to practice law in New Mexico for over 20 years and has about 15 years of federal litigation experience. She is certified as a specialist in appellate practice and has represented both plaintiffs' counsel in seeking civil rights' attorney's fees and state defendants in opposing fee applications. Counsel has been employed by federal court previously, worked as a professor of law in several law schools, and was awarded a Fulbright Scholarship to teach American Jurisprudence in the context of rural community developments in *colonias* in the United States. Attorney Simmons further states that she has been awarded an hourly rate of $225.00 in several New Mexico state court actions.

Fee counsel also attached Attorney Peter Cubra's affidavit in support of her fee application. Mr. Cubra attests that he is familiar with the current market rates for civil rights attorney's fees in

New Mexico, that he is familiar with Ms. Simmons' work, and that the current market rate for her work is at least $225 per hour.

Defendants do not challenge the hourly rate proposed by fee counsel. The Court concludes that Attorney Simmons satisfied her burden in showing that her rate is reasonable, given her expertise in this area of law, her legal experience, and the prevailing rates charged by equally skilled counsel.

### B.     *Paralegal's Hourly Rate*

Fee counsel requests that her paralegal be reimbursed at an hourly rate of $90.00 per hour. Attorney Simmons included a paragraph in her affidavit stating that her paralegal has been a "litigation paralegal" for over 20 years and that Ms. Simmons believes she is knowledgeable of the prevailing rates for paralegals in this community. Presumably, fee counsel intended to say that she believed the rate of $90.00 per hour was reasonable, but her original affidavit attached to the fee application stops in mid-sentence. [Doc. No. 42, Ex. B, ¶ 8.] The paralegal did not submit a separate affidavit in support of the fee application, nor evidence that any court has found $90.00 to be a reasonable rate in this community.

Defendants apparently do not object to a paralegal hourly rate of $90.00 per hour. However, the Court observes that Chief Judge Martha Vazquez awarded a significantly lower rate for paralegal work. *See e.g.,* Graham v. Vengroff, Williams & Assoc., Inc., No. CIV 02-369 at *4 MV/RLP (D.N.M. Nov. 4 2004) (in class action litigation, paralegal's requested hourly rate of $35 was deemed reasonable and found consistent with the market rate for paralegal work in this area). A rather recent survey on paralegal compensation and billing rates was conducted by the State Bar of New Mexico

which shows that a billing rate of $90.00 per hour is on the high end of the scale in this community.[8] Moreover, fee counsel provides no evidence that her paralegal has been awarded $90.00 per hour in any other litigation.

In this case, the paralegal was asked to do minimal work that does not appear to have been complex. Based on the type of work performed, along with the Court's familiarity with the rates prevailing in this district for comparable work by a paralegal, the Court finds that an hourly rate of $75.00 is reasonable.

## Costs

Fee counsel seeks costs in the total amount of $776.20, which include an expert witness fee of $175.00 and a computerized research fee in the amount of 201.60. Title 28 U.S.C. 1920 allows for compensation of fees for court-appointed experts. However, Mr. Cubra was not a court appointed expert in this case. *See* Jones v. Unisys Corp., 54 F.3d 624, 633 (10th Cir. 1995) ("[e]xpert witness fees for witnesses that do not appear in court are not an allowable cost under 28 U.S.C. § 1920"). To the extent that fee counsel seeks expert witness fees based on an argument that statutory language in the IDEA allows for reimbursement of such fees, there seems to be a split in authority with no consensus having been reached by courts addressing the question. *See* Goldring v. District of Columbia, 416 F.3d 70, 73 (D.C.Cir. 2005), *petition for cert. filed* 2/8/06. The Court declines to award costs for Mr. Cubra's expert fee in this case.

---

[8] In 2004, the New Mexico Bar Association conducted a state-wide survey on paralegal compensation and utilization. *See* http://www.nmbar.org/Content/NavigationMenu/Divisions_Sections_Committees/Divi-sions/Paralegals_Legal_Assistants/News_and_Trends/ParalegalSurveyReport.pdf It included hourly billing rates. Of 201 paralegals queried, 22 (00.49%) billed between $20.00 and $40.00 per hour; 57 (28.35%) had hourly billing rates between $40.00 and $60.00; 81 (40.29%) billed between $60 and $80.00 per hour; 40 (19.90%) billed more than $80.00 per hour. This summary shows that over 80% of New Mexico's paralegals bill $80.00/hour or less. It is also noted that the survey capped the billing rate at "over $80.00 per hour" and did not ask if any paralegal billing rates exceeded $100.00 per hour.

Defendants object to costs being awarded for computer generated research. It is true that costs for computer legal research are not statutorily authorized, and that the Tenth Circuit has advised that the trial court should "sparingly exercise its discretion with regard to expenses not specifically allowed by statute." Jones, 54 F.3d at 633. In this case, the Court will exercise its discretion and permit fee counsel to recover 50% of the computerized research costs or $100.80.

Therefore, costs in the total amount of $500.40 are awarded.

## **Conclusion**

Fee counsel's application for fees is granted to the extent that Attorney Simmons will receive reasonable attorney's fees ($9,000 + $480.00) (including paralegal fees), gross receipts tax ($639.90), and costs ($500.40) in the amount of $ 10,620.30.

IT IS THEREFORE ORDERED that Plaintiff's Application for Attorney's Fees [Doc. No. 49] is GRANTED and DENIED in part as described herein.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
Chief United States Magistrate Judge